UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STEEL WORKERS LOCAL 12-369, STEPHANIE B. GREEN, DAVID ROBERTS,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STEEL WORKERS INTERNATIONAL,<br><br>Defendant. | NO. CV-07-5053-RHW<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER; MOTION FOR PRELIMINARY INJUNCTION** |

Before the Court are Plaintiffs' Motion for *Ex-Parte* Temporary Restraining Order (Ct. Rec. 2); Plaintiffs' Motion for Preliminary Injunction (Ct. Rec. 3); Plaintiffs' Motion to Expedite (Ct. Rec. 6); and Plaintiffs' Motion for Leave to File Excess Pages (Ct. Rec. 7).

A telephonic hearing was held on the motions on September 4, 2007. Plaintiff was represented by Janet Taylor. Defendant was represented by Jay Smith, Joshua F. Young, Joseph L. Paller, Jr., and Steven Crumb.

At the hearing, the Court heard oral argument from the parties, considered the briefings submitted by the parties, and ruled from the bench. This order is intended to supplement the Court's oral ruling.

## FACTS

On August 13, 2007, Defendant issued a letter to Plaintiffs that immediately suspended all of the Local's officers and established an administratorship over the

**ORDER GRANTING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER; MOTION FOR PRELIMINARY INJUNCTION ~ 1**

Local's property and affairs. Defendant supported the establishment of the administratorship on grounds that "it is necessary to ensure the performance of the collective bargaining agreement and other duties of a bargaining representative and to otherwise carry out legitimate objects of the International Union and the Local Union to restore democratice procedures." Defendant notified Plaintiffs that a hearing and investigation would be conducted by an International Commission at a later date.

Plaintiff filed motions for a temporary restraining order and a preliminary injunction asking the Court to abolish the Administratorship, restore the elected officers to their positions and prevent Defendant from suspending the Officers, restore all Local property to the control of the elected officers, order that only duly elected officers have signature authority over the Local's bank accounts and funds, and prevent Defendant from taking control of Local property.

## DISCUSSION

To obtain a preliminary injunction in federal court, Plaintiff is required to demonstrate: "(1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff[s] if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff[s], and (4) advancement of the public interest (in certain cases)." *Johnson v. Cal. State Bd. of Accountancy*, 72 F.3d 1427, 1430 (9th Cir. 1995) (citation and internal quotation marks omitted). These factors have been incorporated into two inquires under which the moving party may meet its burden by demonstrating either (1) a combination of probable success on the merits and the possibility of irreparable injury, or (2) that serious questions are raised and the balance of hardships tips sharply in its favor, and at least a fair chance of success on the merits. *Owner Operator Indep. Drivers Ass'n, Inc. v. Swift Transp. Co.*, 367 F.3d 1108, 1111 (9th Cir. 2004). "These two formulations represent two points on a sliding scale in which the required degree of irreparable

**ORDER GRANTING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER; MOTION FOR PRELIMINARY INJUNCTION ~ 2**

harm increases as the probability of success decreases." *Id.* Or put another way, "the greater the hardship to the party seeking the preliminary injunction, the less probability of success must be established by the party." *Harris v. Board of Supervisors*, 366 F.3d 754, 759 (2004).

According to Defendant's constitution, there are two instances where it may institute an Administratorship. First, it may institute proceedings in which the Local Union would be afforded a full and fair hearing. Second, it may suspend officers and establish an administratorship prior to a hearing in the case of an emergency. The emergency, according to the Court, must be so emergent that there is not enough time to have a hearing before the institution of the Administratorship.

At the hearing, counsel for Defendant conceded that there were no instances that had occurred within the past month that would qualify as an emergency. Defendant attempted to create an emergency by relying on the cumulative effects of the in-fighting between union members and concern about the negotiating ability of the Local. The record establishes, however, that Defendants were aware of these concerns for at least six months. The cumulative effects do not justify the Administratorship based on the emergency clause in Defendant's constitution.

Defendant also argues that it met its Constitutional due process requirements because a prior hearing was held in February 2007. The report of the hearing was not issued until August, contemporaneous with the unilateral imposition of the Administratorship. The hearing concerned allegations against the local union and its officers that were found by the hearing officer to be groundless. The hearing resulted in an exoneration of the persons being investigated. The Hearing Officer's report, which was issued some six months after the hearing, justifies the Aministratorship by general reference to events that occurred after the hearing and for which no hearing has occurred. None of these

**ORDER GRANTING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER; MOTION FOR PRELIMINARY INJUNCTION ~ 3**

allegations rise to the level of an emergency justifying the failure to provide a hearing in accordance with the union constitution. Upon inquiry of counsel who represents the union on a regular basis, it was revealed that it was the standard practice of Defendant to use the emergency provision of Defendant's constitution to avoid a hearing before taking action to impose an Administratorship. Defendant takes this action to avoid the possibility that the Local union would make off with the treasury before a hearing could be conducted.

The Court refuses to condone Defendant's actions, given that it is in direct conflict with its constitution. Under federal law, an Administratorship or trusteeship shall be established only in accordance with the constitutional and bylaws of the organization which has assumed trusteeship over the subordinate body. *See* 29 U.S.C. § 462. The Union constitution was not followed in this case.

The Court finds that Plaintiff has a high likelihood of success on the merits and the balance of hardships tips in its favor; therefore, Plaintiff's request for a preliminary injunction is granted.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiffs' Motion for *Ex-Parte* Temporary Restraining Order (Ct. Rec. 2) is **GRANTED.**

2. Plaintiffs' Motion for Preliminary Injunction (Ct. Rec. 3) is **GRANTED**.

3. Defendant is **ORDERED** to abolish the Administratorship, restore the elected officers to their positions, refrain from suspending the Officers, restore all Local property to the control of the elected officers, order that only the duly elected officers have signature authority over the Local's bank accounts and funds, and refrain from taking control of Local property.

4. Plaintiffs' Motion to Expedite (Ct. Rec. 6) is **GRANTED.**

5. Plaintiffs' Motion for Leave to File Excess Pages (Ct. Rec. 7) is

**ORDER GRANTING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER; MOTION FOR PRELIMINARY INJUNCTION ~ 4**

1 **GRANTED**.

2  6. Defendant's Ex Parte Motion for Relief from Local Rule 7.1(f) (Ct. Rec. 20) is **GRANTED**.

4  **IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward copies to counsel.

 **DATED** this 5th day of September, 2007.

```
              ROBERT H. WHALEY
          Chief United States District Judge
```

Q:\CIVIL\2007\United Steel Workers\grant.pi.wpd

**ORDER GRANTING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER; MOTION FOR PRELIMINARY INJUNCTION ~ 5**