UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STEEL WORKERS LOCAL 12-369, STEPHANIE B. GREEN, DAVID ROBERTS,

Plaintiff,

v.

UNITED STEEL WORKERS INTERNATIONAL,

Defendant.

NO. CV-07-5053-RHW

**ORDER DENYING PLAINTIFFS' SECOND MOTION FOR PRELIMINARY INJUNCTION; GRANTING MOTION TO AMEND**

Before the Court are Plaintiffs' Motion for Leave to Amend Complaint (Ct. Rec. 36); Plaintiffs' Second Motion for Preliminary Injunction (Ct. Rec. 37); Plaintiffs' Motion for Contempt (Ct. Rec. 44); and Defendant's Motion to Strike, or in the Alternative, Motion for Leave to File Surreply (Ct. Rec. 78).

A telephonic hearing was held on the motions on January 10, 2008. Plaintiffs were represented by Janet Taylor. Defendant was represented by Jay Smith and Steven Crumb.

**FACTS**

Plaintiffs Stephanie Green[1] and David Roberts[2] are elected officers in the

[1]Plaintiff is the elected President of the United Steelworkers Local 12-369.

[2]Plaintiff David Roberts is the duly elected Financial Secretary of United Steelworkers Local 12-369.

United Steel Workers Local 12-239.[3] Defendant is the United Steel Workers International.[4] On August 20, 2007, letters dated August 13, 2007, were delivered to the Local officers, notifying them that the International Union was installing an Administratorship over Local 12-369 and appointing Jim Woodward as Administrator. Defendant then took control over all of the Local union documents and records, excluded Plaintiff Green and Roberts from the Union offices, and took control over the Local's bank accounts by removing the existing officers' signature authority and obtaining new signature cards. On August 23, 2007, Defendant changed the locks on the local Union offices.

Plaintiffs filed a complaint on August 28, 2007, and at the same time, filed a motion for temporary restraining order and motion for preliminary injunction. In their complaint, Plaintiffs ask that the Administratorship be declared invalid; that Defendant be enjoined from proceeding with the unlawful Administratorship; and be ordered to return control of all Local property and affairs to the duly elected officers. Plaintiff sought damages and costs and attorneys' fees.

A telephonic hearing was held on September 4, 2007. At the hearing, the Court orally ruled that Defendant failed to provide Plaintiffs with the requisite notice to install an administratorship, and that no emergency existed. In the written Order, the Court found that Defendant failed to follow their constitutional

---

[3]United Steelworkers Local 12-369 is a subordinate body of the Defendant with its principal offices located in Richland, Benton County, Washington. Local 12-369 represents members in several cities in Washington State, and also had members and bargaining units in Oregon and Hawaii.

[4]Defendant indicates that United Steel Workers International is the incorrect name, rather the proper name of Defendant is United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union.

provision in establishing the administratorship and granted Plaintiffs' Motion for Preliminary Injunction (Ct. Rec. 27).

Specifically, the Court ordered Defendant to abolish the Administratorship; restore the elected officers to their positions; refrain from suspending the officers; restore all Local property to the control of the elected officers; return signature authority over the Local's bank accounts and funds to the duly elected officers; and refrain from taking control of Local property.

On October 19, 2007, Terry Bonds, District 12 Director for International filed charges against Plaintiffs Green and Roberts, in which the International President was asked to institute Article IX Administratorship proceedings against Local 12-369. Present Gerard appointed a Commission on October 22, 2007. The Commission commenced hearings on November 5, 6, and 27, 2007. The Executive Board of the International Union have not yet issued its findings with regard to the hearings.

Plaintiffs filed their Second Motion for Preliminary Injunction on November 20, 2007, prior to the completion of the Administratorship proceedings and filed a motion to shorten time. On November 27, 2007, the Court denied Plaintiff's Second Motion for an Order Shortening Time (Ct. Rec. 47).

## DISCUSSION

### 1. Plaintiffs' Motion for Contempt

Plaintiffs' basis for their motion for contempt is that Defendants have engaged in conduct that prevented the officers from being restored to their positions. In their briefing, Plaintiffs cite three instances where Defendant has acted in contempt of the Court's order: (1) the International Union has attempted to influence the affairs of the Local and impede the officers from performing their duties; (2) International has given direction to a Local employee; and (3) the International suspended the actions of Local President Stephanie Green in that the International suspended the appointments of two trainers.

"A district court has the power to adjudge in civil contempt any person who willfully disobeys a specific and definite order of the court." *Gifford v. Heckler*, 741 F.2d 263, 266 (9th Cir. 1984). A district court has wide latitude in determining whether there has been contemptuous defiance of its order. *Id.* "In a civil contempt proceeding, the contempt must be proved by clear and convincing evidence." *Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc.*, 689 F.2d 885, 889 (9th Cir. 1982). "[I]f a defendant's action 'appears to be based on a good faith and reasonable interpretation of [the court's order],' he should not be held in contempt." *Id.* If an injunction does not clearly describe prohibited or required conduct, it is not enforceable by contempt. *Gates v. Shinn*, 98 F.3d 463, 468 (9th Cir. 1996).

According to Defendants, they complied with the Court's order and promptly dissolved the Administratorship. The International President sent a letter to Mr. Woodward, revoking his appointment as Administrator and directing him to comply with the Court's order restoring the property and signature authority of the officers. Mr. Woodward was instructed to notify the Hanford Atomic Metal Trades Council ("HAMTC")[5] that the Administratorship had been abolished.

Plaintiffs have failed to establish that Defendants violated any specific and direct order from the Court. The Court does not read its Order as prohibiting the three proffered instances of contempt. Indeed, the intent of the Court order was to do nothing more than to dissolve the administratorship after the Court determined

---

[5]HAMTC is an organization comprised of many local unions affiliated with a variety of national and international unions that represent employees who are employed by a variety of employers at the Hanford nuclear facility. HAMTC is recognized as the exclusive bargaining representative under Section 9 of the National Labor Relations Act. HAMTC negotiates contracts and authorizes grievance processing on behalf of fifteen unions that represent workers in the atomic metal trades.

that it was not implemented in accordance with International's constitution and by-laws. The Order does not, nor did the Court intend to, alter the ordinary relationship between International and its local unions.

Accordingly, Plaintiffs' Motion for Contempt is denied.

**2. Plaintiffs' Second Motion for Preliminary Injunction**

Plaintiffs' Second Motion for Preliminary Injunction involves the second commission hearing that occurred in November 2007, in response to the complaint filed by Terry Bonds. Specifically, Plaintiffs are asking the Court to abolish the October 22, 2007, Commission appointed by President Gerard; enjoin the International from having its agents and employees communicating ex parte with HAMTC; enjoin the International from processing charges against Green and Roberts without judicial approval; and enjoin the International from instituting Administratorship proceedings against the Local without judicial approval.

To obtain a preliminary injunction in federal court, Plaintiff is required to demonstrate: "(1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff[s] if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff[s], and (4) advancement of the public interest (in certain cases)." *Johnson v. Cal. State Bd. of Accountancy*, 72 F.3d 1427, 1430 (9th Cir. 1995) (citation and internal quotation marks omitted). These factors have been incorporated into two inquires under which the moving party may meet its burden by demonstrating either (1) a combination of probable success on the merits and the possibility of irreparable injury, or (2) that serious questions are raised and the balance of hardships tip sharply in its favor, and at least a fair chance of success on the merits. *Owner Operator Indep. Drivers Ass'n, Inc. v. Swift Transp. Co.*, 367 F.3d 1108, 1111 (9th Cir. 2004). "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." *Id.* Or put another way, "the greater the hardship to the party seeking the preliminary injunction, the less probability of

success must be established by the party." *Harris v. Board of Supervisors*, 366 F.3d 754, 759 (9th Cir. 2004).

Plaintiffs argue that the November 2007 hearings were not Administratorship hearings, but rather were disciplinary hearings, and as such, were not conducted in a manner set forth in Article XIII of Defendant's constitution.

The Court finds that, based on the record before the Court, the November 2007 hearings were not disciplinary hearings. Moreover, the International Union is authorized under Article IX of its constitution to conduct hearings to determine whether it should suspend or revoke the charter of a Local Union, or any other action as may be necessary to secure compliance with the constitution. Article IX provides that the Local Union shall be afforded a full and fair hearing.

Plaintiffs' position is that a full and fair hearing under Article XIII was not provided. However, this does not help the Court in determining whether a full and fair hearing was held under Article IX. For instance, Plaintiffs take issue with the fact that International employees conducted the hearing. Article IX provides that the hearing be conducted by any member or members of the International Executive Board or representative or representatives designated by the International President. Here, the hearing officers were designated by the International President in accordance with the constitution.

Moreover, to the extent Plaintiffs are asking this Court to enjoin the International Union from conducting a hearing that, in the absence of an emergency, is required by its constitution before it may impose a trusteeship, the Court does not have authority to do so under the Labor-Management Reporting and Disclosure Act of 1959 ("LMRDA"). *See Laborers' Intern'l Union of North Am. v. Nat'l Post Officer Mail Handlers*, 880 F.2d 1388 , 1394 (D.C. Cir. 1989) ("In the absence of exceptional circumstances, Title III contemplates judicial review of the trusteeship order itself, rather than review of the decision to hold a

hearing."). Plaintiffs have not demonstrated that exceptional circumstances exist in this case. Because Plaintiffs cannot succeed in their request for the Court to enjoin the proceedings to establish an Administratorship, Plaintiffs' Motion for Preliminary Injunction must fail.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiffs' unopposed Motion for Leave to Amend Complaint (Ct. Rec. 36) is **GRANTED.**

2. Plaintiffs' Second Motion for Preliminary Injunction (Ct. Rec. 37) is **DENIED**.

3. Plaintiffs' Motion for Contempt (Ct. Rec. 44) is **DENIED**.

4. Defendant's Motion to Strike or, in the Alternative, Motion for Leave to File Surreply (Ct. Rec. 78) is **DENIED**, as moot.

5. Defendant's Motion to Expedite (Ct. Rec. 80) is **DENIED**, as moot.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward copies to counsel.

**DATED** this 28th day of January, 2008.

s/Robert H. Whaley
ROBERT H. WHALEY
Chief United States District Judge

Q:\CIVIL\2007\United Steel Workers\deny.pi.wpd