UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STEEL WORKERS LOCAL 12-369, STEPAHNIE B. GREEN, and DAVID ROBERTS,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>UNITED STEEL, PAPER AND FORESTRY, RUBBER MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVUCE WORKERS INTERNATIONAL UNION, *et al.*,<br><br>　　　　　Defendants. | NO.  CV-07-5053-RHW<br><br>REPORT AND RECOMMENDATION FOR ORDER GRANTING MOTION TO COMPEL PRODUCTION, ORDERING PLAINTIFF TO PAY ONE-HALF OF THE COST OF COMPUTER EXPERT AND GRANTING SANCTIONS |

BACKGROUND

　　The "International Defendants" seek the Court's intervention regarding two discovery disputes with Plaintiff Stephanie Green and Third-Party Defendant Local 12-369 (hereafter "Local") that they were unable to informally resolve prior to the close of discovery on July 15, 2009.

　　The Court has established a dispositive motion deadline of August 5, 2009 for summary judgment motions to be filed. The International Defendants aver that it is necessary for them to receive the requested documents prior to that date. Plaintiffs have not responded to the instant motion filed on July 16, 2009. (Ct. Rec. 171)

REPORT AND
RECOMMENDATION 1

REPORT

The first issue involves the International Defendants' motion to compel under FRCP 37(a)(3)(B).

In June 2009, the International Defendants served three sets of document requests: Second Set of Document Requests to Third-Party Defendant Local 12-369, which was served on June 1 and for which responses and responsive documents were due July 6; Third Set of Document Requests to Plaintiff Green, which was also served on June 1, with responses due on July 6; and Fourth Set of Document Requests to Plaintiff Green, which was served on June 9 and for which responses were due on July 13. To date, the International Defendants have received *no* written response or documents in response to *any* of these requests. The International Defendants seek an order compelling production of all documents responsive to these requests by August 3, 2009.

The International Defendants allege that counsel for Plaintiffs – primarily Janet Taylor - have repeatedly promised to produce the requested documents and have failed to do so. Apparently since July 1, 2009, Ms. Taylor has indicated four times that the responsive documents would be forthcoming. It appears that on July 15, 2009, counsel had an informal agreement to and stipulation that the documents would be produced by Friday, July 17 and a written stipulation was drafted. Still, according to the International Defendants, Plaintiffs' counsel later reneged on the oral stipulation and declined to sign the written stipulation as drafted. This Court is aware that Ms. Taylor was on vacation for about one week just prior to the discovery cut-off and that other defendants have also complained about the Plaintiffs' failure to

REPORT AND
RECOMMENDATION 2

produce documents responsive to discovery requests. See Ct. Rec. 141 and 170.

The second issue involves the cost of hiring an expert to search the e-mail messages of the Local, which are apparently stored on a single e-mail account. Allegedly, the parties had a general agreement that the producing party would bear the cost of document production. Apparently consistent with that agreement, the International Defendants paid for the searches of the International's e-mail accounts in response to the Plaintiffs' discovery requests. Plaintiffs now take the position that it would be too burdensome for them to locate, print out and produce the e-mails already identified by Plaintiffs as responsive to the request for production.

Apparently, it is now the Plaintiffs' position that the International Defendant should retain an expert, at its own expense, to search the Local's e-mail data and that copies of that search should be made available to the Plaintiffs. The International Defendants have agreed to hire the expert, but ask the Court to order the Plaintiffs to pay for half the cost, including copies of the material produced.

The third issue involves the International Defendants' request for sanctions pursuant to FRCP 37(a)(5)(A)(ii) in the event the Court grants the requested relief.

<u>RECOMMENDATIONS</u>

The Plaintiffs have not responded to the Motion to Compel. Even had they done so, no motion for a protective order has been filed and the documents requested appear to be reasonably related to the issues in this matter and/or subject to discovery of relevant, admissible evidence

REPORT AND
RECOMMENDATION 3

at the time of trial. For these reasons, **this Court recommends** that the motion be granted.

As to the second issue, it does appear that the parties had an agreement that the producing party would bear the expenses of production. Since Plaintiffs have taken the position that production of the e-mails from the Local's e-mail server would be too burdensome, hiring an expert to conduct the search seems reasonable to this Court. Further, the proposal to equally share the cost of such expert search seems more than fair, given the agreement that the parties had. For these reasons, **this Court recommends** that the Court order the Plaintiffs to pay for one-half of the cost of the e-mail search, including the cost of copies of document produced to the Plaintiffs.

As to the third issue, the rule makes it mandatory to award the moving party's reasonable expenses, including attorney's fees, when the motion is granted. Here, the Plaintiff has not responded to the motion for sanctions. **This Court recommends** that the Court order Plaintiffs and/or counsel for Plaintiffs to pay the International Defendants' reasonable expenses incurred in bringing this motion. The District Court may wish to allow Plaintiffs a further opportunity to explain why the non-production was justified before awarding sanctions.

OBJECTIONS

Any party may object to a magistrate judge's proposed findings, recommendations or report within ten (10) days following service with a copy thereof. Such party shall file written objections with the Clerk of the Court and serve objections on all parties, specifically identifying the portions to which objection is being made, and the basis therefor.

REPORT AND
RECOMMENDATION 4

Any response to the objection shall be filed within ten (10) days after receipt of the objection.  Attention is directed to Fed. R. Civ. P. 6(d), which adds additional time after certain kinds of service.

A district judge will make a de novo determination of those portions to which objection is made and may accept, reject, or modify the magistrate judge's determination.  The judge need not conduct a new hearing or hear arguments and may consider the magistrate judge's record and make an independent determination thereon.  The judge may, but is not required to, accept or consider additional evidence, or may recommit the matter to the magistrate judge with instructions.  *United States v. Howell*, 231 F. 3d 615, 621 (9th Cir. 2000); 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Civ. P. 72; LMR 4, Local Rules for the Eastern District of Washington.

A magistrate judge's recommendation cannot be appealed to a court of appeals; only the district judge's order or judgment can be appealed.

The District Court Executive is directed to file this Report and Recommendation and provide copies to counsel and the referring district judge.

**DATED** this 31st of July, 2009.

s/James P. Hutton

JAMES P. HUTTON
United States Magistrate Judge

REPORT AND
RECOMMENDATION 5