1

2

3

4

5

6

7

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

8

9

10

11

12

13

14

15

16

| | |
|---|---|
| UNITED STEEL WORKERS LOCAL 12-369, STEPHANIE B. GREEN, DAVID ROBERTS, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, *et al.*, <br><br> Defendants. | NO.  CV-07-5053-RHW <br><br><br> **ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT** |

17

18

19

20

21

22

23

24

The above-captioned proceeding is really two separate cases that have been consolidated for discovery purposes.  Because of that, there are five pending summary judgment motions (Ct. Rec.  180, 191, 211, 216, 234 ) and a pending motion to dismiss (Ct. Rec. 207).  The underlying facts are similar, if not identical, in both proceedings.  The significant difference lies in the parties.  In the first case, the Local Union 12-369 and David Roberts are suing the United Steel Workers International.[1]  In the second case, Stephanie Green is suing the United Steel

25

26

27

28

---

[1]Although referred to as the International throughout the proceedings, the proper name is United Steel, Paper & Forestry, Rubber, Manufacturing, Allied Industrial and Service Workers International Union, AFL-CIL, CLC.

Local 12-369 is a local union of the International.  Local 12-369 is a large

**ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT ~ 1**

1  Workers International and individuals associated with the International, Vince

2  Stroops and Jim Woodward; Hanford Atomic Metal Trades Council (HAMTC)

3  and Dave Molnaa, an individual association with HAMTC; and other individuals

4  who have served in some capacity with the Local 12-369.  Significantly, Plaintiff

5  Green is not suing the Local Union 12-369, and the Local Union 12-369 is not a

6  party to the claims being asserted by Plaintiff Green.[2]  The individual Union

7  officials being sued by Plaintiff Green are Jim Orosco, Randy Knowles, Kirk

8  Domina, Victor Cruz, Cherie Miller, Karen Alexander and Margie Meyers.

9  The Local 12-369/Roberts case was filed on August 28, 2007.[3]  Plaintiffs

10 sought to have an administratorship that was imposed by the International declared

11 invalid and sought an order enjoining the International from proceeding with the

12 unlawful Administratorship and ordering the International to return control of all

13 Local property and affairs to the duly-elected officers.   The complaint was later

14 amended to add additional claims.

15 The Green case was filed on November 9, 2007.  Plaintiff Green sought

16 compensatory and punitive damages against all the Defendants and an order that

17 Defendants be permanently enjoined from violating Plaintiff's rights under 29

18 U.S.C. § 411.

19 ## STANDARD OF REVIEW

20 Summary judgment is appropriate if the "pleadings, depositions, answers to

21 interrogatories, and admissions on file, together with the affidavits, if any, show

22 _____

23 amalgamated local union, consisting of bargaining units in Washington, Oregon,
   and Hawaii.

24

25 [2]Local 12-369 is being cross-sued by Defendants Margie Myers and Karen
   Alexander for payment of reasonable attorneys fees and costs.

26

27 [3]Stephanie Green was also named as a Plaintiff in that case.  However, on
   May 5, 2009, the parties filed a Stipulated Motion to Dismiss Stephanie Green

28 from this lawsuit, which the Court granted.

**ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT ~ 2**

1 | that there is no genuine issue as to any material fact and that the moving party is
2 | entitled to judgment as a matter of law." Fed. R. Civ. P. 56©.  There is no genuine
3 | issue for trial unless there is sufficient evidence favoring the nonmoving party for
4 | a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*,
5 | 477 U.S. 242, 250 (1986).  The moving party had the initial burden of showing the
6 | absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317,
7 | 325 (1986).  If the moving party meets it initial burden, the non-moving party
8 | must go beyond the pleadings and "set forth specific facts showing that there is a
9 | genuine issue for trial." *Id.* at 325; *Anderson*, 477 U.S. at 248.
10 |        In addition to showing that there are no questions of material fact, the
11 | moving party must also show that it is entitled to judgment as a matter of law.
12 | *Smith v. University of Washington Law School*, 233 F.3d 1188, 1193 (9th Cir.
13 | 2000). The moving party is entitled to judgment as a matter of law when the
14 | non-moving party fails to make a sufficient showing on an essential element of a
15 | claim on which the nonmoving party has the burden of proof.  *Celotex*, 477 U.S. at
16 | 323.
17 |        When considering a motion for summary judgment, a court may neither
18 | weigh the evidence nor assess credibility; instead, "the evidence of the
19 | non-movant is to be believed, and all justifiable inferences are to be drawn in his
20 | favor." *Anderson*, 477 U.S. at 255.
21 |                              DISCUSSION
22 |        The Court has spent weeks reviewing the Summary Judgment materials
23 | filed by the parties before and after the multi-hour hearing on Summary Judgment.
24 | The record of discord and dispute that covers a period of time and number of
25 | actors has been difficult to master, in part because of the manner in which it has
26 | been presented to the Court.  Boiled down to its essence, the heart of the case is
27 | the removal of Plaintiff Green and Roberts from office when the International
28 | imposed the Administratorship.  If the removal of Plaintiffs Green and Roberts,

**ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT ~ 3**

both elected officials, was for discriminatory purposes, to suppress dissent, or to retaliate for the exercise of speech, the Labor-Management Reporting Disclosure Act (LMRDA), the Labor-Management Relations Act (LMRA), 42 U.S.C. § 1981, and the Washington Law Against Discrimination (WLAD) may have been violated. The intent of actors is almost always proven by circumstantial evidence. To supply the circumstantial evidence of improper intent, Plaintiffs point to many incidents that, when viewed in isolation, would not be illegal and would not necessary establish a claim under the LMRDA, LMRA, § 1981, or the WLAD. These incidents, however, when viewed together, and when viewed in the light most favorable to Plaintiff, could lead a fact-finder to conclude that the removal of Plaintiffs Green and Robert was for improper or discriminatory purposes. The intent of the individual and institutional Defendants is the critical issue that raises issues of fact. Because there are questions of material fact regarding the intent, summary judgment is not appropriate with respect to these claims.

In reviewing the motions, the Court has concluded that some of Plaintiff's causes of actions may have legal infirmaries that would justify dismissal. The Court has considered each of Defendants' arguments. Plaintiffs claim that the Defendants acted in concert leading to vicarious liability. Plaintiffs' claims are couched in theories of aiding and abetting, concerted action to suppress dissent, etc. In the briefing, the arguments presented by the parties have not made it practical for the Court to address the individual Defendant's conduct in isolation to see whether each participated in concerted activity. However, there is sufficient evidence of concerted activity that ultimately led to the imposition of the Administratorship. The evidence concerning the Defendants' intent will be essentially the same regardless of whether a particular claim survives summary judgment. As such, the Court concludes that it is a better use of the Court's and counsels' time to hear the evidence and ultimately conclude whether the facts conform to Plaintiffs' legal theories. Accordingly, the Court denies the

**ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT ~ 4**

1  Defendants' motions for summary judgment.

2        Accordingly, **IT IS HEREBY ORDERED:**

3        1.     Defendants' Motion for Summary Judgment by Defendants Domina,

4  Cruz, Miller, Orosco & Knowles (Ct. Rec. 180) is **DENIED.**

5        2     Defendants Karen Alexander and Margie Meyers Summary Judgment

6  Motion (Ct. Rec. 191) is **DENIED.**

7        3.     The International Defendants' Motion to Strike (Ct. Rec. 325) is

8  **GRANTED.**

9        4.     The International Defendants' Motion to Dismiss Damages Claims of

10 Plaintiff Stephanie Green in Case 07-CV-5066 Pursuant to FRCP 12© and 37 (Ct.

11 Rec. 207) is **DENIED.**

12       5.     The International Defendants' Motion for Summary Judgment in Case

13 07-CV-5053 (Ct. Rec. 211) is **DENIED.**

14       6.     The International Defendants' Motion for Summary Judgment

15 Against Plaintiff Stephanie Green in Case 07-CV-5066 (Ct. Rec. 216) is

16 **DENIED.**

17       7.     Defendants' Hanford Atomic Metal Trades Council, David Molnaa

18 and Jill Molnaa Motion for Summary Judgment (Ct. Rec. 234) is **DENIED.**

19       8.     The parties' Stipulation Re: Alteration of Date for Exchange of

20 Witness and Exhibit Lists (Ct. Rec. 343) is **GRANTED.**

21       9.     Plaintiffs' Motion to Seal Documents (Ct. Rec. 302) is **GRANTED.**

22       10.    The International Defendants' Motion to Seal (Ct. Rec. 313) is

23 **GRANTED.**

24       11.    Defendants' Motion to Strike or Postpone Deposition of Naughne

25 Boyd (Ct. Rec. 340) is **DENIED.**

26       12.    Defendants' Motion to Expedite (Ct. Rec. 337) is **GRANTED.**

27       13.    Plaintiffs' Motion to Strike (Ct. Rec. 344) is **DENIED.**

28       14.    Plaintiffs' Motion to Expedite (Ct. Rec. 346) is **GRANTED.**

**ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT ~ 5**

1    15.  Plaintiffs' Motion for Leave to File Supplemental Evidence (Ct. Rec.

2  383) is **DENIED.**

3    16.  Plaintiffs' Motion to Expedite (Ct. Rec. 384) is **GRANTED.**

4    **IT IS SO ORDERED.**  The District Court Executive is directed to enter

5  this Order and forward copies to counsel.

6    **DATED** this 14th day of October, 2009.

7

8                    \s\ *Robert H. Whaley*

9                    ROBERT H. WHALEY
10                   United States District Judge

11

12  Q:\CIVIL\2007\Local 12-369, Green\deny3.wpd

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT ~ 6**