UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STEEL WORKERS LOCAL 12-369, STEPHANIE B. GREEN, DAVID ROBERTS,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, *et al.,*<br><br>Defendants. | NO. CV-07-5053-RHW<br><br>**ORDER ADDRESSING PRETRIAL MOTIONS** |

A pretrial hearing was held on October 30, 2009. Plaintiff was represented by Janet Taylor and Jim McCandless. The International Defendants were represented by Rebecca Smullin, Peter Nausbaum, Jay Smith, Josh Young and Robert Mitchell; the HAMTC Defendants were represented by Richard Robblee; the Individual Defendants were represented by Terrance Costello and Jennifer Robbins. George Fearing represented Karen Alexander and Margie Meyers and Edward Younglove represented Third-party Defendant United Steel Workers Local 12-369.

Before the Court were a number of motions in limine. At the hearing, the Court noted that for a majority of the motions, the parties sought to limit the evidence that may be admissible against one party to be admitted only for that purpose and not against the other parties. In order to rule on the motions, however,

**ORDER ADDRESSING PRETRIAL MOTIONS ~ 1**

the Court will need to hear the evidence, have the motion made at that time, and then separate against whom the evidence is admissible. The Court reserved ruling on these subjects, directed the party opposing the use of the evidence to raise the objection at trial, and instructed Plaintiffs that when they seek to enter exhibits into the record they must identify the parties that the evidence is admitted against so that any separation of that evidence can be done during that testimony or with respect to that particular exhibit.

As a general rule, Plaintiff will not be permitted to introduce evidence or witnesses that she failed to identify or supplement during the discovery process. Defendants are directed to renew their motion at trial. The Court will not permit Plaintiff to call Jay Smith as a witness. The Court reserves ruling on whether the testimony of Jason Green and Neil Gifford would be excluded; rather at the time that these witnesses will be called, if requested by Defendants, the Court will ask Plaintiff for a proffer of their testimony and will rule on the motion at that time.

The Court preliminarily ruled that it would not require any party to produce a witness that is outside the subpoena power of the Court, but the party will be permitted to call a witness from out of the State even if they do not make them available for the Plaintiff's case-in-chief.

The Court will permit the International to defend its case using two attorneys provided that there is no overlap between the cross-examination.

Plaintiffs were given permission to edit the deposition and provide a copy to the parties. Any objections to the deposition can be addressed at the bench trial.

The Court ruled that it was not necessary for local counsel to be present during the entire trial, but indicated that local counsel should be available if something happens that the Court believes would require the participation of local counsel.

Rather than present opening statements, the Court advised the parties to present their arguments in their trial briefs, and indicated that whether post-trial

**ORDER ADDRESSING PRETRIAL MOTIONS ~ 2**

briefing will be permitted will depend on the results of the bench trial.

In denying the parties' Motions for Summary Judgment, the Court concluded that there were issues of material fact regarding whether Defendants acted with an improper motive. Plaintiffs' underlying theory is that Defendants engaged in a concerted effort, which is similar to a conspiracy case where members of the conspiracy are responsible for the actions of others. Thus, evidence that may not independently give rise to a claim may be evidence of a concerted effort. The Court concluded that the nature of the claims and the extent of the evidence did not permit the Court to rule as a matter of law in favor of Defendants. Rather, the best way to proceed was to develop the record through a bench trial and issue findings of facts and conclusions of law. For these reasons, the Court denies the International Defendant's Motion for Reconsideration.

Accordingly, **IT IS HEREBY ORDERED**:

1. The Domina Defendants' Motion in Limine 1-4 (Ct. Rec. 374) is **DENIED**, with leave to renew.

2. The HAMTC Defendants' Motion in Limine (Ct. Rec. 378) is **DENIED**, with leave to renew.

3. Defendant Alexander's Motion for Sanctions (Ct. Rec. 149, 413) is **DENIED**, with leave to renew.

4. The International Defendants' Motion for Reconsideration (Ct. Rec. 427) is **DENIED**.

5. Defendants' Motion to Expedite (Ct. Rec. 430) is **GRANTED**.

6. Plaintiffs' Motion to Extend Plaintiffs' Response Time to Defendants' Motions for Reconsideration (Ct. Rec. 441) is **DENIED**, as moot.

7. Plaintiffs' Motion to Expedite (Ct. Rec. 443) is **GRANTED**.

8. Plaintiffs' Motion for Extension of Time to File Brial Briefs (Ct. Rec. 463) is **GRANTED**.

9. Plaintiffs' Motion to Expedite (Ct. Rec. 466) is **GRANTED**.

**ORDER ADDRESSING PRETRIAL MOTIONS ~ 3**

1 **IT IS SO ORDERED.** The District Court Executive is directed to enter this
2 Order and forward copies to counsel.
3     **DATED** this 6th day of November, 2009.

                            *s/Robert H. Whaley*
                         ROBERT H. WHALEY
                       United States District Judge

Q:\CIVIL\2007\Local 12-369, Green\pretrial order.wpd

**ORDER ADDRESSING PRETRIAL MOTIONS ~ 4**