UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STEEL WORKERS LOCAL 12-369, STEPHANIE B. GREEN, DAVID ROBERTS,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, *et al.,*<br><br>Defendants. | NO. CV-07-5053-RHW<br><br>**ORDER ADDRESSING INDEMNIFICATION CLAIMS** |

Before the Court are Myers and Alexander's Motion for Summary Judgment (Ct. Rec. 543); the International's Motion for Summary Judgment Against Cross-Claimants Myers, Myers, and Alexander (Ct. Rec. 532); and Local 12-369's Motion for Summary Judgment Dismissal of Third-Party Plaintiff Myers and Alexander's Indemnification Claims (Ct. Rec. 538).

On March 9, 2010, a telephonic hearing was held on the motion. The Local was represented by Edward Younglove; the International was represented by Rebecca Smullins. Alexander and Myers were represented by Andrea Clare.

Plaintiff Stephanie Green sued the United Steel Workers International and HAMTC, as well as various officers of the Local, including Defendants Karen Alexander and Margie Myers. Defendants Alexander and Myers retained counsel and, in turn, asserted a cross-claim against the United Steel Workers and a third-

**ORDER ADDRESSING INDEMNIFICATION CLAIMS ~ 1**

party claim against Local 12-369, seeking indemnification for their reasonable attorneys fees and costs.

Alexander and Myers present four theories of indemnification:

1. Local 12-369 should indemnify Myers and Alexander's legal expenses by applying the Washington State Business Corporation Act by analogy.

2. Local 12-369 should indemnify Myers and Alexander's legal expenses under common law principles–implied indemnification.

3. Under Washington's ABC Rule, both the International and the Local should indemnify Myers and Alexander for attorneys' fees and costs.

4. The unions should indemnify them under the common benefit theory.

Here, the Court finds that Ms. Green did not sue Alexander and Myers merely because they each held official positions within the Local. Rather, it is clear from the complaint that Ms. Green was suing based on conduct undertaken by Alexander and Myers for their own personal and political interests. As such, there is no basis for indemnification. Likewise, the Court does not find that Alexander and Myers have established the three elements under the Washington ABC rule. Alexander and Myers have not shown that there was any wrongful act committed by the Local or the International toward Green or Alexander and Myers, and even if there was, they have not shown that Green was not connected with the alleged wrongful act or omission of the Local or International toward Alexander and Myers. *Blueberry Place Homeowners Ass'n v. Northward Homes, Inc.*, 126 Wash.App. 352, 358 (2005) *quoting Armstrong Const. Co. v. Thomson*, 64 Wash.2d 1991, 195 (1964) ("[w]here the acts or omissions of a party to an agreement or event have exposed one to litigation by third persons-that is, to suit by third persons not connected with the initial transaction or event-the allowance of attorney's fees may be a proper element of consequential damages."). Under Washington law, "a party may not recover attorney fees under the theory of equitable indemnity if, in addition to the wrongful act or omission of A [the Local

**ORDER ADDRESSING INDEMNIFICATION CLAIMS** ~ 2

and/or International], there are other reasons why B [Myers and Alexander] became involved in the litigation with C [Green]." *Tradewell Group, Inc. v. Mavis*, 71 Wash. App. 120, 128 (1993). Here, Alexander and Myers were sued, in part, for their actions in writing the letter that prompted the *Maki* Commission. This action was not taken in the court of their duties as officers or agents of the Local, rather, this action was undertaken as individuals. As such, the common benefit theory does not apply.

Accordingly, **IT IS HEREBY ORDERED:**

1. Myers and Alexander's Motion for Summary Judgment (Ct. Rec. 543) is **DENIED**.

2. The International's Motion for Summary Judgment Against Cross-Claimants Myers, Myers, and Alexander (Ct. Rec. 532) is **GRANTED**.

3. Local 12-369's Motion for Summary Judgment Dismissal of Third-Party Plaintiff Myers and Alexander's Indemnification Claims (Ct. Rec. 538) is **GRANTED**.

4. The District Court Executive is directed to enter judgment in favor of the International and Local 12-369 and against Myers and Alexander on the indemnification claims.

5. Third-Party Defendant's Motion to Strike (Ct. Rec. 559) is **DENIED**, as moot.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward copies to counsel.

**DATED** this 12th day of April, 2010.

    *s/Robert H. Whaley*
ROBERT H. WHALEY
United States District Judge

Q:\CIVIL\2007\Local 12-369, Green\sj.wpd

**ORDER ADDRESSING INDEMNIFICATION CLAIMS ~ 3**